KURT H. AND JOLANDA M. TEIL, PETITIONERS v. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 4649–75.     Filed August 22, 1979.

Kurt H. Teil, pro se.
*Charles S. Henck,* for the respondent.

STERRETT, *Judge:* Respondent, on January 27, 1975, issued a statutory notice in which he determined a deficiency in petitioners' Federal income tax for their taxable year 1972 in the amount of $860.51. In his answer respondent increased the deficiency to $1,114.91. Two issues are before the Court: (1) Whether petitioners deducted properly expenses incurred by petitioner-husband while on "home leave," and (2) whether petitioners deducted properly expenditures incurred in sending their daughter to a private school.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, and the exhibits attached thereto, are incorporated herein by this reference.

Petitioner Kurt H. Teil (hereinafter petitioner) temporarily was living in Washington, D.C., at the time of filing the petition herein. At that time petitioner Jolanda M. Teil was living in Frankenberg, Austria. Petitioners timely filed their 1972 Federal income tax return with the Philadelphia Service Center. Pursuant to section 7482, I.R.C. 1954, the parties have agreed that the venue for appeal of any decision entered by the Court in this matter shall be the United States Court of Appeals for the District of Columbia.

During the taxable year 1972, petitioner was a foreign service officer with the Agency for International Development (hereinafter AID) assigned to Ankara, Turkey. On their 1972 return, petitioners claimed an employee business expense deduction of $3,530, consisting of $795 attributable to expenses incurred in connection with "home leave" taken by petitioner in 1972 and $2,735 attributable to "extra out-of-pocket" expenses incurred by petitioners in sending their daughter, Gita Josette Teil (hereinafter Gita), to school in Germany.

During the period July 6 through August 15, 1972, petitioner was on home leave in the United States as required by 22 U.S.C. sec. 1148 (1946). In connection with such leave petitioner incurred the following expenses:

| | |
|---|---:|
| Car rental for 30 days | $267 |
| Hotel, 24 days @ $12 per day | 288 |
| Food, 24 days @ $10 per day | 240 |
| | 795 |

These expenses were incurred while traveling from Washington, D.C., to Sewickley, Pa., then on through Amish Country, Pa., to Boston, Mass., Ogunquit, Maine, and back to Pittsburgh, Pa. The trip lasted 24 days.

Prior to petitioner's transfer to Ankara, Gita was enrolled at the German School in Potomac, Md. Between January and November of 1970, Gita attended the German School in Ankara, a school which received some financial support from the West German Government. That school offered instruction only through the 10th grade. After November 1970, Gita was enrolled

in a boarding school in Munich, Germany. She had been enrolled in the Munich school in the late 1960's while petitioner was stationed in Vietnam.

Petitioners' family is bilingual (German and English), Mrs. Teil being of German origin. All of the German schools are private schools which offer bilingual instruction and curriculums strong in Latin and French. Petitioners paid tuition for Gita's attendance at such schools.

On June 11, 1970, petitioners applied for an educational allowance under section 276 of the Standardized Regulations (Government Civilians, Foreign Areas) with respect to Gita's attendance at the Ankara German School. After Gita transferred to the school in Munich, the application was expanded to include expenses associated therewith. The application was denied by AID personnel officials on the ground that petitioner had forfeited his entitlement to the education allowance because he did not send Gita to the school operated by the Defense Department at his post in Ankara.

By memorandum dated September 24, 1970, the AID General Counsel's Office ruled that under the language of section 276 of the Standardized Regulations petitioners were not automatically ineligible for the educational allowance, notwithstanding the general policy set forth in that section. The cover memorandum accompanying the ruling stated that the ruling reached only the methods and basis on which an exception to the general policy could be granted. It stated further that authority to make such exception rests with the "A/PM." On February 12, 1971, the personnel officials held that petitioners' case did not warrant making an exception under the regulations and denied the allowance for both the Ankara and Munich schooling.

Because of Gita's language background, the American school could not offer her further linguistic instruction. The principal of the American school in Ankara sent a memorandum to petitioners dated April 20, 1971, stating that, due to Gita's unique educational background in the German schools and the likelihood that petitioner would again be transferred prior to her graduation, it was his opinion that placement of Gita in the American schools "would be detrimental to her future."

Petitioner drafted a request for reconsideration dated May 7, 1971, which was signed by the Ambassador. This request was denied. If Gita had attended the U.S. sponsored school in

Ankara, petitioner would have received an allowance equivalent to that school's tuition.

### OPINION

*Issue 1. Expenditures Attributable to Home Leave*

Section 162(a)(2) provides that:

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or·business, including—

\* \* \* \* \* \* \*

(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business \* \* \*

Therefore, in order for travel expenses to be deductible they must be (1) ordinary and necessary to the taxpayer's trade or business, (2) incurred while he was away from home, and (3) made in the pursuit of such trade or business.

Petitioner, as a foreign service officer, operates subject to the Foreign Service Act of 1946. 22 U.S.C. ch. 14 (1946). Under that act, foreign service officers may be ordered to return to the United States for home leave as provided in 22 U.S.C. sec. 1148:

Sec. 1148. Return of personnel to United States, its Territories and possessions on leaves of absence

(a) The Secretary may order to the continental United States, its territories and possessions, on statutory leave of absence any officer or employee of the Service who is a citizen of the United States upon completion of eighteen months' continuous service abroad and shall so order as soon as possible after completion of three years of such service.

(b) While in the continental United States, its Territories and possessions, on leave, the service of any officer or employee shall be available for such work or duties in the Department or elsewhere as the Secretary may prescribe, but the time of such work or duties shall not be counted as leave.

We have interpreted this section to mean that home leave is of a compulsory character. *Hitchcock v. Commissioner*, 66 T.C. 950, 959 (1976), revd. and remanded on other grounds 578 F.2d 972 (4th Cir. 1978). Thus, because reasonable expenses incurred while a foreign service officer is on home leave are ordinary and necessary to his trade or business, petitioner has satisfied the first criterion.

Petitioner has also satisfied the second criterion. The expenses were incurred by petitioner for travel in the United States while

he was assigned to duty and was residing in Ankara, Turkey. The third criterion, however, provides a fatal stumbling block to deductibility.

Section 1.162–2(b), Income Tax Regs.,[1] has established a test of primary relationship for determining whether an expense has been incurred in the pursuit of the taxpayer's trade or business. Thus, the issue becomes whether, based on all the facts and circumstances, the trip is "related primarily to the taxpayer's trade or business or is primarily personal in nature."

Both the Fourth and Ninth Circuits have held that travel expenses incurred by a foreign service officer while on home leave were related primarily to his trade or business. *Hitchcock v. Commissioner*, 578 F.2d 972, 975 (4th Cir. 1978); *Stratton v. Commissioner*, 448 F.2d 1030, 1033 (9th Cir. 1971). Both courts emphasized the compulsory character of home leave and the concern of Congress that foreign service personnel should be periodically re-Americanized. In support thereof the Circuit Courts referenced the Foreign Service Act of 1946 and its legislative history.

The general provisions of the Foreign Service Act setting forth the purpose of that act provide:

Sec. 801. * * * (2) to insure that the officers and employees of the Foreign Service are broadly representative of the American people and are aware of and fully informed in respect to current trends in American life * * * [Foreign Service Act of 1946, 22 U.S.C. sec. 801(2) (1946).]

This concern is emphasized in the legislative history of the act which stated:

"Re-Americanization"

There is perhaps no phase of Foreign Service administration about which there is more general agreement than that connected with the problem of

---

[1]Sec. 1.162–2 Traveling expenses.

(b)(1) If a taxpayer travels to a destination and while at such destination engages in both business and personal activities, traveling expenses to and from such destination are deductible only if the trip is related primarily to the taxpayer's trade or business. If the trip is primarily personal in nature the traveling expenses to and from the destination are not deductible even though the taxpayer engages in business activities while at such destination. However, expenses while at the destination which are properly allocable to the taxpayer's trade or business are deductible even though the traveling expenses to and from the destination are not deductible.

(2) Whether a trip is related primarily to the taxpayer's trade or business or is primarily personal in nature depends on the facts and circumstances in each case. The amount of time during the period of the trip which is spent on personal activity compared to the amount of time spent on activities directly relating to the taxpayer's trade or business is an important factor in determining whether the trip is primarily personal. If, for example, a taxpayer spends one week while at a destination on activities which are directly related to his trade or business and subsequently spends an additional five weeks

insuring that Foreign Service personnel should come to the United States as often as possible to renew their knowledge of development in the United States and their feeling for the American way of life.

Although both the Ninth and the Fourth Circuits found the mandatory nature of home leave to be conclusive of the issue *(Hitchcock v. Commissioner, supra,* and *Stratton v. Commissioner, supra)*, we find that the mandatory nature of the home leave provisions relates to the ordinary and necessary criterion. We do not find such requirements conclusory of the business nexus criterion. Congress legislated the home leave provisions as an employer. As an employer it realizes, in the words of the Ninth Circuit, "direct, albeit intangible benefits in terms of the effectiveness of its employees by virtue of just such 'vacations.'"[2] This is the same class of benefit accruing to the employer which requires its employees to attend business conventions. While we agree with the Circuit Courts' finding of a business nexus from the congressional standpoint, it is an established rule that the characterization of an expense is determined from the employee's viewpoint rather than that of the employer. *United States v. Disney,* 413 F.2d 783, 787 (9th Cir. 1969).

In *Stratton v. Commissioner,* 52 T.C. 378, 386 (1969), revd. and remanded 448 F.2d 1030 (9th Cir. 1971), we found the rationale of *Rudolph v. United States,* 291 F.2d 841, 842 (5th Cir. 1961), cert. denied 370 U.S. 269 (1962), rehearing denied 371 U.S. 854 (1962), and *Patterson v. Thomas,* 289 F.2d 108, 113 (5th Cir. 1961), 368 U.S. 837 (1961), to be applicable to the determination of deductibility of home leave expenses. *Rudolph* and *Thomas* dealt with expenses incurred on trips made to business conventions in which the activities engaged in by conventioneers were primarily of a holiday character. Because the character of the trip is determined from the employee's viewpoint, the Fifth Circuit did not find the benefit, both educational and psychological, accruing to the employers as a result of the employee's attendance at the conventions relevant to the issue. It did consider the pressure applied by the employers with respect to trip participation but, on a balance with the type of activities engaged in by participants, found the trips to be primarily for pleasure. In its opinion

---

for vacation or other personal activities, the trip will be considered primarily personal in nature in the absence of a clear showing to the contrary.

[2]*Stratton v. Commissioner,* 448 F.2d 1030, 1033 (9th Cir. 1971).

in *Stratton,* the Ninth Circuit distinguished the business convention cases because in the home leave situation it is Congress which mandates the holiday. We do not find the cases distinguishable.

We acknowledge that home leave is compulsory in character and that it must be taken within the continental United States, its territories, or its possessions. 22 U.S.C. sec. 1148(a) (1946). However, while such factors are relevant, they are not determinative of the issue and are only factors to be considered in conjunction with the other facts and circumstances relevant to home leave.

Foreign service officers are given complete freedom with respect to the manner of activities undertaken while on home leave. If the officer engages in business activities while in the United States on home leave, the amount of time spent on such work or duties is not charged against home leave. 22 U.S.C. sec. 1148(b) (1946). Petitioner's home leave served as a holiday. The expenses were incurred while traveling from Washington, D.C., to Sewickley, Pa., then on through Amish Country, Pa., to Boston, Mass., Ogunquit, Maine, and back to Pittsburgh, Pa. The trip lasted 24 days. Required or not, a vacation is a vacation from the employee's perspective. We find the expenses incurred in connection therewith to be inherently personal in character.

Petitioner argues that in spite of the character of the expenses, they would not have been incurred but for his employment. We do not find the "but for" test to be determinative of deductibility. *Kroll v. Commissioner,* 49 T.C. 557, 567 (1968). Many expenses which are incurred by a taxpayer solely because of his trade or business are so inherently personal in nature as to prohibit their characterization as business expenses.[3]

Nondeductibility of home leave expenditures is analogous to nondeductibility of commuting expenses. Both expenses would not have been incurred "but for" the taxpayer's trade or business. However, the manner in which a taxpayer commutes— e.g., mode of transportation, distance traveled—is so inherently personal to the taxpayer as to militate against a finding that

---

[3]For example: grooming expenses, *Drake v. Commissioner,* 52 T.C. 842, 844 (1969); clothing adaptable to street use, *Yeomans v. Commissioner,* 30 T.C. 757, 767 (1958); certain kinds of educational expenses, *Kroll v. Commissioner,* 49 T.C. 557, 567 (1968); and commuting expenses, *Burton v. Commissioner,* 9 T.C. 882, 886 (1947).

such expenditures were incurred primarily for a business purpose.

We find the activities of petitioner while on home leave to be inherently personal in nature. We are precluded from characterizing the expenditures incurred pursuant to such activities to be expenditures incurred in pursuit of his trade or business.[4] In view of all the foregoing and only after careful consideration of their views, we respectfully decline to follow the aforenoted decisions of the Fourth and Ninth Circuits, and consequently we hold for respondent on this issue.

### Issue 2. Expenditures Attributable to Gita's Education

Petitioners have attempted to deduct a portion of the expense of sending Gita to a private school under section 162. They calculated the deduction as the excess cost of her schooling in the Munich German School over the hypothetical cost of sending her to a comparable school in the United States. Petitioners reason that the resultant cost is a trade or business expense because it was incurred due to petitioner's assignment in Ankara.

An employee may deduct the cost of an education which bears a direct relationship to his employment. *Kornhauser v. United States*, 276 U.S. 145, 153 (1928). Thus, it is the education rather than the expenditure which must have a nexus to the trade or business. Again, the "but for" test is not dispositive of the issue. *Kroll v. Commissioner*, 49 T.C. 557, 567 (1968).

Even if Gita's education were related to petitioner's employment, the expense incurred therefor would not result in a deduction. A general education is comparable to a capital asset rather than an ordinary and necessary trade or business expense. *Welch v. Helvering*, 290 U.S. 111, 113 (1933).

The granting or denial of an educational allowance has no bearing on the outcome of this case. The determination of entitlement to such allowance is between petitioner and AID. It was petitioner's choice to send Gita to a school other than the local American school for which funding of the allowance would be assured. If we allowed the deduction petitioner could, in effect, circumvent the AID determination.

Petitioner argues that Congress's intent to allow a deduction

---

[4]Also consider *Walliser v. Commissioner*, 72 T.C. 433 (1979).

for the cost of Gita's schooling is supported by the enactment of the provision in the Foreign Earned Income Act of 1978 which allows citizens of the United States residing in a foreign country to deduct qualified schooling expenses. Sec. 913(b). Aside from the fact that section 913 allows such deduction only against earned income from sources outside the United States,[5] the deduction is only allowed for education at a United States-type school. Secs. 913(c)(1)(A), 913(f)(1), and 913(f)(4).[6]

We find the expense of Gita's education to be a nondeductible personal, living, or family expense. We hold for respondent on this issue.

*Decision will be entered for the respondent.*

Reviewed by the Court.

---

[5]Amounts paid by the United States or an agency thereof are not considered income from an outside source. Sec. 913(j)(1)(A).

[6]SEC. 913(f). QUALIFIED SCHOOLING EXPENSES.—

(1) IN GENERAL.—For purposes of this section, the term "qualified schooling expenses" means the reasonable schooling expenses paid or incurred by or on behalf of the individual during the taxable year for the education of each dependent of the individual at the elementary or secondary level. For purposes of the preceding sentence, the elementary or secondary level means education which is the equivalent of education from the kindergarten through the 12th grade in a United States-type school.

\*        \*        \*        \*        \*        \*        \*

(4) DETERMINATION OF REASONABLE EXPENSES.—If—

(A) there is an adequate United States-type school available within a reasonable commuting distance of the individual's tax home, and

(B) the dependent attends a school other than the school referred to in subparagraph (A),

then the amount taken into account under paragraph (2) shall not exceed the aggregate which would be charged for the period by the school referred to in subparagraph (A).