ROGER C. BREWIN AND MARY T. BREWIN, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 1887–74.    Filed September 12, 1979.

Roger C. Brewin, pro se.
*Charles S. Henck,* for the respondent.

STERRETT, *Judge:* Respondent, on January 30, 1974, issued a statutory notice in which he determined a deficiency in petitioners' Federal income tax paid for calendar year 1971 in the amount of $393.64. The issue presented for our determination is the deductibility of expenses incurred while petitioner-husband was on home leave. However, in order to determine this issue we must first decide in which circuit appeal would lie.

## FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts, and the exhibits attached thereto, are incorporated herein by this reference.

Petitioners Roger C. Brewin (hereinafter petitioner) and Mary T. Brewin, husband and wife, filed their Federal income tax return for the calendar year 1971 on May 24, 1972, with the Andover Service Center.

During the taxable year 1971, petitioner was employed by the United States Department of State as a Foreign Service officer. During the period August 1 through September 15, 1971, petitioner and his family were in the United States on "home leave" as required by 22 U.S.C. sec. 1148. On a schedule attached to their 1971 return, petitioner claimed that, while on such leave, he incurred expenses in the amount of $630 for room and food and $600 for transportation. The $600 expense for transportation was derived from a loss on the sale of a motor vehicle that petitioners had purchased during the home leave.

In his statutory notice, respondent does not contest that these expenses were incurred. The deficiency is based on respondent's determination that expenditures attributable to "home leave" are not deductible.

Petitioners spent their home leave in the vicinity of Phoenix, Ariz. Mrs. Brewin's mother, sister, brother, and numerous cousins and aunts lived in Arizona. While on home leave in 1971, petitioners visited such family members, traveled from Phoenix to the Grand Canyon, spent approximately 8 days rafting down the Colorado River, and took side trips, which were essentially of a sightseeing nature, from Phoenix to various places in Arizona. In addition, a considerable amount of time was spent shopping.

Petitioner had two press interviews while on home leave. He was questioned about life in Paraguay, United States policy with respect to Paraguay, and the Foreign Service. Participation in such public relations activities was not required although it was encouraged.

On March 18, 1974, petitioners timely filed the petition herein. At that time, petitioners were stationed in Bolivia.

Petitioner joined the State Department as a Foreign Service officer in 1951. At least since 1958, petitioner's personnel records at the State Department have reflected residence for purposes of home leave to be Phoenix, Ariz. Phoenix was petitioner Mary T. Brewin's permanent home before she joined the Foreign Service in 1949. At no time have petitioners maintained a permanent household in Phoenix. At the time of filing herein, petitioners owned no real property in Phoenix. Their visits thereto have been limited to home leave and vacations.

When petitioner joined the State Department in 1951, he was residing in Washington, D.C. His first post was Zurich, Switzerland. He then was assigned to a tour in Bombay, India. In 1956, petitioner returned to the United States for home leave in Phoenix after which he established residence in a rented apartment in Alexandria, Va.

Petitioner next was transferred to Stanford University for the academic year 1960 to 1961. He returned to Washington, D.C., for 4 months of Spanish language training after which, in December of 1961, he was transferred to Bolivia.

Upon reassignment to Washington, D.C., in 1964 petitioners purchased a home in Washington, D.C. They resided thereat from time of purchase through August of 1969 when petitioner was assigned to Paraguay. The tour in Paraguay was followed by a tour in Bolivia. Petitioners were in Bolivia at the time they filed the petition herein. Petitioner presently is assigned to Washington, D.C., and resides with his family at the home purchased in 1964. This residence was rented during the 1971 home leave period.

Since August of 1964, petitioners have maintained only one checking account. That acccount is in a Washington, D.C., bank located at a branch office less than 2 miles from petitioners' home and was opened because of its proximity to that home. At least since 1964, petitioners have maintained savings accounts in Phoenix, Ariz., and Columbus, Ohio.

For the years 1964 through 1969, petitioners filed District of Columbia income tax returns. For the years after 1969, petitioners were stationed abroad and filed no State or District of Columbia income tax returns. In 1965, 1966, 1967, 1969, and 1971 petitioners filed personal property tax returns in Franklin County, Ohio.

In the 1956 presidential election, petitioners voted in Phoenix, Ariz. In 1969, petitioners registered to vote in the District of Columbia. This registration expired in 1972. On at least one occasion during this period, petitioners voted in the District of Columbia. In 1976 and 1978, petitioner voted by absentee ballot in Columbus, Ohio.

## OPINION

### Issue 1. Venue for Appeal

Subsection 7482(c), I.R.C. 1954,[1] provides that "the United States Courts of Appeals shall have exclusive jurisdiction to review the decisions of the Tax Court." Subsection 7482(b) provides that, absent a contrary stipulation by the parties, such appeal will lie in the circuit in which the individual petitioner's legal residence is located as of the time the petition seeking redetermination of tax liability was filed with the Tax Court. That subsection further provides that, if for any reason the subparagraph describing venue does not apply, the decision may

---

[1]SEC. 7482. COURTS OF REVIEW.

(a) JURISDICTION.—The United States Courts of Appeals shall have exclusive jurisdiction to review the decisions of the Tax Court * * * in the same manner and to the same extent as decisions of the district courts in civil actions tried without a jury; and the judgment of any such court shall be final, except that it shall be subject to review by the Supreme Court of the United States upon certiorari * * *

(b) VENUE.—

(1) IN GENERAL.—Except as otherwise provided in paragraph (2), such decisions may be reviewed by the United States court of appeals for the circuit in which is located—

(A) in the case of a petitioner seeking redetermination of tax liability other than a corporation, the legal residence of the petitioner,

\*　　\*　　\*　　\*　　\*　　\*　　\*

If for any reason [subparagraph (A) does not apply] * * * then such decisions may be reviewed by the Court of Appeals for the District of Columbia. For purposes of this paragraph, the legal residence * * * shall be determined as of the time the petition seeking redetermination of tax liability was filed with the Tax Court.

(2) BY AGREEMENT.—Notwithstanding the provisions of paragraph (1), such decisions may be reviewed by any United States Court of Appeals which may be designated by the Secretary or his delegate and the taxpayer by stipulation in writing.

be reviewed by the Court of Appeals for the District of Columbia.

Petitioners contend that they had "valid ties to Arizona notwithstanding present and past residence in the District of Columbia while assigned to the Department of State in Washington, D.C." Accordingly, they assert that venue for appeal should lie with the Court of Appeals for the Ninth Circuit. The Ninth Circuit in *Stratton v. Commissioner*, 448 F.2d 1030 (9th Cir. 1971), held for the taxpayer in comparable circumstances. In the event any appeal from our decision lies with that circuit we are bound, under our decision in *Golsen v. Commissioner*, 54 T.C. 742, 757 (1970), to follow the *Stratton* decision, and hence petitioner's contention on this score is understandable. We believe it appropriate therefore to consider the issue of venue even though we acknowledge the obvious fact that our view on this is not determinative.

We do not doubt that petitioners had valid ties to Arizona. Unfortunately for their case, legal residence is not determined by the location in which an individual spends his vacation or where his relatives reside.

Although section 7482 does not define residence, the legislative history of that section states that the venue provisions were modeled after the existing law with respect to venue for purposes of refund suits against the United States in the District Courts. S. Rept. 1625, 89th Cong., 2d Sess. (1966), 1966–2 C.B. 803, 808. Venue for such suits is controlled by 28 U.S.C. sec. 1402(a)(1) which provides that venue lies in the judicial district where the taxpayer "resides."

For purposes of 28 U.S.C. sec. 1402, the term residence means domicile. Cf. *Nowotny v. Turner*, 203 F. Supp. 802, 804 (M.D. N.C. 1962). Domicile is based on physical residence conjoined with the intent to remain thereat, at least for a time. *Texas v. Florida*, 306 U.S. 398, 424 (1939). Statements of intention are evidence of domicile, but are given slight weight when such statements conflict with conduct. Relevant to the determination is conduct with respect to establishment of a principal home, its furnishings and objects, family history and familial associations, location of interest, and time spent thereat. Once domicile is established, the question of whether that domicile has been abandoned arises. *Texas v. Florida, supra* at 427.

Petitioners purchased a home in Washington, D.C., in 1964.

They resided thereat from the time of purchase through August of 1969 when petitioner was assigned to Paraguay. The tour in Paraguay was followed by the tour in Bolivia. Petitioners maintained a checking account in Washington, D.C. From 1968 until 1972, they were registered to vote in the District. We find such contacts with the District of Columbia sufficient to establish domicile.

It is obvious from the record herein that petitioners at no time had sufficient contacts with Phoenix to establish domicile thereat. A determination of whether petitioners have retained domicile in Washington, D.C., or have abandoned such domicile in favor of their Bolivian residence is not necessary to the determination herein because in either event any appeal will lie in the Court of Appeals for the District of Columbia.

### *Issue 2. Deductibility of Home Leave Expenses*

Section 162(a)(2) provides that:

(a) IN GENERAL.—There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including—

\*     \*     \*     \*     \*     \*     \*

(2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish or extravagant under the circumstances) while away from home in the pursuit of a trade or business \* \* \*

Therefore, the three criteria for deductibility are that travel expenses be (1) ordinary and necessary to the taxpayer's trade or business, (2) incurred while he was away from home, and (3) made in the pursuit of such trade or business.

Petitioner, as a Foreign Service officer, was required to return to the United States for home leave as provided in 22 U.S.C. sec. 1148:

(a) The Secretary may order to the continental United States, its territories and possessions, on statutory leave of absence any officer or employee of the Service who is a citizen of the United States upon completion of eighteen months' continuous service abroad and shall so order as soon as possible after completion of three years of such service.

(b) While in the continental United States, its Territories and possessions, on leave, the service of any officer or employee shall be available for such work or duties in the Department or elsewhere as the Secretary may prescribe, but the time of such work or duties shall not be counted as leave.

The compulsory character of such travel causes reasonable[2] expenses incurred therefor to be classified as ordinary and necessary to petitioner's trade or business. *Hitchcock v. Commissioner*, 66 T.C. 950, 959 (1976), revd. and remanded on other grounds 578 F.2d 972 (4th Cir. 1978).

Petitioner's expenses were incurred for travel in the United States during the time petitioner was assigned to duty and was residing in Bolivia. Thus, the expenditures were made while petitioner was away from home.

We find, however, that petitioners have failed to prove the necessary nexus between petitioner's trade or business and the travel. Sec. 1.162–2(b), Income Tax Regs. Petitioner's activities during home leave were primarily personal in nature. Petitioner visited with Mrs. Brewin's family, traveled to the Grand Canyon, spent 8 days rafting down the Colorado River, took sightseeing trips to various places in Arizona and spent a considerable amount of time shopping. Although petitioner had two press interviews which dealt with the Foreign Service, the personal activities far outweigh the minimal time spent on such public relations activities.

Foreign Service officers are given complete freedom with respect to the manner of activities undertaken while on home leave. If the officer engages in business activities while in the United States on home leave, the amount of time spent on such work or duties is not charged against home leave. 22 U.S.C. sec. 1148(b).

We find the facts herein to be indistinguishable from those before this Court in the cases of *Stratton v. Commissioner*, 52 T.C. 378 (1969), revd. and remanded 448 F.2d 1030 (9th Cir. 1971); *Hitchcock v. Commissioner, supra;* and *Teil v. Commissioner*, 72 T.C. 841 (1979). We have consistently found expenditures connected with home leave to be colored by the inherently personal character of such travel and have denied deductibility.

In both *Stratton* and *Hitchcock*, we were reversed by the respective Circuit Courts. *Stratton v. Commissioner*, 448 F.2d 1030 (9th Cir. 1971); *Hitchcock v. Commissioner*, 578 F.2d 972 (4th Cir. 1978). Therefore, when *Teil* was submitted to the Court, we reviewed both our decisions and the rationale of the Circuit

---

[2]Because of our finding with respect to the third criteria we need not decide whether the loss attributable to the sale of the automobile is such an expense.

Courts in their reversals thereof. After careful consideration, we respectfully declined to follow the reasoning of the Circuit Courts. *Teil v. Commissioner, supra* at 845–847.

Herein petitioner's home leave served as a holiday. We find the expenses incurred in connection therewith to be inherently personal in character and, therefore, nondeductible. *Teil v. Commissioner, supra.*

*Decision will be entered for the respondent.*