RICHARD E. SCHWARTZ, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schwartz v. Commissioner
Docket No. 10838-75.
United States Tax Court
T.C. Memo 1980-525; 1980 Tax Ct. Memo LEXIS 63; 41 T.C.M. (CCH) 431; T.C.M. (RIA) 80525; November 25, 1980, Filed Richard E. Schwartz, pro se. Henry Thomas Schafer, for the respondent. SCOTT MEMORANDUM FINDINGS OF FACT AND OPINION SCOTT, Judge: Respondent determined a deficiency in petitioner's income tax of $980 and an addition to tax under section 6651(a), I.R.C. 1954, [1] of $137.97 for the calendar year 1970. After concessions by petitioner, the issues remaining for decision are (1) whether the expenses incurred by petitioner, a foreign service officer, while on statutory home leave are deductible business expenditures; (2) whether petitioner is entitled to a deduction for moving expenses under section 217; and (3) whether petitioner's failure to file a timely return was due to reasonable cause and not due to willful neglect.
FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. Petitioner, Richard E. Schwartz, resided in St. Louis, Missouri, at the time of the filing of his petition in this case.Petitioner signed his Federal income *65 tax return for the calendar year 1970 on April 14, 1974, and the return was filed with the Internal Revenue Service Center in Kansas City, Missouri, on April 18, 1974. In January 1970, petitioner was a foreign service officer employed by the Department of State (Department) at the American Embassy in Rio de Janeiro, Brazil. Petitioner was employed by the Department until he resigned for personal reasons on March 23, 1973. Petitioner was informed in January 1970 that he would not be returning to the American Embassy in Rio de Janeiro upon the expiration of his statutory home leave and that he would probably next be assigned to the U.S. Embassy in Quito, Ecuador. Thereafter, petitioner received his orders from the Department authorizing him to take statutory home leave as provided by the Foreign Service Act of 1946, ch. 957, 60 Stat. 999, 22 U.S.C. sec. 801 et seq. Specifically, the act provides that after a certain period abroad a foreign service officer may be ordered to return to the United States for home leave: Sec. 1148. Return of Personnel to United States, Its Territories and Possessions on Leaves of Absense (a) The Secretary may order to the *66 continental United States, its territories and possessions, on statutory leave of absence any officer or employee of the Service who is a citizen of the United States upon completion of eighteen months' continuous service abroad and shall so order as soon as possible after completion of three years of such service. (b) While in the continental United States, its Territories and possessions, on leave, the service of any officer or employee shall be available for such work or duties in the Department or elsewhere as the Secretary may prescribe, but the time of such work or duties shall not be counted as leave. [22 U.S.C. Sec. 1148.] After the receipt of his orders authorizing statutory home leave, petitioner was advised that he would next be assigned to the U.S. Embassy in Santiago, Chile, rather than Quito, Ecuador. Petitioner departed Rio de Janeiro on February 23, 1970, for New York City, New York, via Caracas, Venezuela. At that time, petitioner had not received orders specifying exactly where his next duty station would be. Petitioner's personal and household effects were stored in Rio de Janeiro and the storage costs were paid directly by his employer. *67 In addition, he prepaid tennis club dues and also prepaid a retainer to his child's governess in order that said services would remain available should he return to that post.
Petitioner's final orders assigned him to the U.S. AID Mission in Santiago, Chile, and they were dated May 3, 1970. From March 19 to April 26, 1970, petitioner was on home leave in Carmel, California, a period of 39 calendar days. On April 27 petitioner left Carmel, California, and reported under travel orders to the State Department in Washington, D.C., on May 3, 1970, for consultation and training. On July 18, petitioner drove from Washington, D.C., to St. Louis, Missouri, to begin additional home leave. While on home leave, petitioner flew to Portland, Oregon, to visit his wife and then returned to St. Louis. On August 4 petitioner departed St. Louis for his next assignment in Santiago, Chile. Petitioner was on home leave a total of 56 days and during this time he engaged in a number of public information activities as a foreign service officer for the Department such as making speeches and appearing at academic conferences and seminars.He also engaged in vacation-type activities during this period. *68 Petitioner submitted travel vouchers to the Department and it paid the cost of his and his family's transportation from his former post abroad, Rio de Janeiro, to New York City, New York, and from St. Louis to his new post of duty, Santiago, Chile. In addition, his employer paid him a portion of the standard per diem rate of $25 per day while traveling between these points in 1970. Petitioner was also reimbursed at a portion of the per diem rate during the time spent in training in Washington, D.C. However, petitioner was not reimbursed for the time he spent on home leave and he was not required to and did not make an accounting to or file any report with his employer concerning expenditures incurred on home leave. The only requirement imposed on petitioner with respect to his home leave was that he had to account for the actual number of days spent on home leave. Overall, he claimed total expenses in the amount of $4,088.95 and his employer reimbursed him for these expenses in the amount of $2,435.83. After he departed from Rio de Janeiro, Brazil, petitioner did not maintain a permanent residence in the United States or at his new post of duty in Santiago, Chile. On April 14, 1970, petitioner's *69 employer authorized limited shipment of his personal effects from Rio de Janeiro to Santiago pending a decision as to the type of living quarters petitioner would occupy in Santiago. Although he arrived in Santiago on August 6, 1970, petitioner resided in hotels until early December 1970. On Schedule A of his return, petitioner deducted $1,687.50 as "home leave per service orders" expenses. This amount was calculated by multiplying the 56 days spent on home leave by the per diem rate of $25 per day.In addition, petitioner claimed $282, the cost of his round-trip flight from St. Louis, Missouri, to Portland, Oregon, as a home leave expense. Petitioner also claimed a deduction of $3,930.10 for expenses incurred in travel, meals, and lodging during the move from his old residence to his new area of principal employment. He explained on his return that these expenses were incurred over a period of "97 days in transit from Rio de Janeiro, Brazil to Santiago, Chile via New York, St. Louis and Washington." Since he did not have an itemized list of the actual expenses incurred, he used the per diem rate as the basis for computing the amount of moving expenses. The total moving expenses *70 claimed by petitioner were $3,995.87. Petitioner also reported reimbursements and allowances from his employer for moving expenses in the amount of $2,426 resulting in a net deduction of $1,569.87. In the notice of deficiency for the calendar year 1970, respondent disallowed deductions for the claimed moving expenses of $1,569.87 and the claimed home leave expenses of $1,687.50. Respondent in his notice of deficiency further determined that because of failure to timely file his return petitioner was liable for an addition to tax under section 6651(a) of 25 percent of the $551.87 portion of the deficiency which had not been paid by withholding or $137.97. OPINION The first issue presented is whether the expenses incurred by petitioner while on home leave are deductible expenses attributable to his trade or business or non-deductible personal expenses. Section 162(a)(2) provides that: (a) In General.--There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including-- (2) traveling expenses (including amounts expended for meals and lodging other than amounts which are lavish *71 or extravagant under the circumstances) while away from home in the pursuit of a trade or business * * *. Under this section travel expenses are deductible only if they are ordinary and necessary to the taxpayer's trade or business and are incurred while the taxpayer is away from home in the pursuit of a trade or business. Commissioner v. Flowers,326 U.S. 465, 470 (1946); Teil v. Commissioner,72 T.C. 841, 844 (1979), on appeal (D.C. Cir., Oct. 12, 1979). If we assume that travel expenses incurred by a foreign service officer on home leave are ordinary and necessary to his trade or business due to the mandatory nature of home leave, see Hitchcock v. Commissioner, 66 T.C. 950, 956, 959 (1976), reversed and remanded 578 F.2d 972 (4th Cir. 1978), only one of the criteria of section 162(a)(2) has been met. Even if the "home leave" expenses are ordinary and necessary to petitioner's trade or business, the deduction must be denied unless expenses are shown to be incurred in the pursuit of petitioner's trade or business. Although the Fourth and Ninth Circuits have held in Hitchcock v. Commissioner,supra, *72 and Stratton v. Commissioner,448 F.2d 1030, 1033 (9th Cir. 1971), that expenses paid by a foreign service officer while on "home leave" are incurred in pursuit of his trade or business because of the compulsory nature of the "home leave," after careful consideration, we have declined to follow the holdings of these Courts of Appeals. In Teil v. Commissioner,supra, we held that the expenses of a foreign service officer incurred while on home leave are inherently personal in nature. Specifically, we stated that: Although both the Ninth and the Fourth Circuits found the mandatory nature of home leave to be conclusive of the issue ( Hitchcock v. Commissioner, supra, and Stratton v. Commissioner, supra), we find that the mandatory nature of the home leave provisions relates to the ordinary and necessary criterion. We do not find such requirements conclusory of the business nexus criterion. * * * [Teil v. Commissioner,supra at 846.] Therefore, based on our holding in the Teil case, we conclude that petitioner is not entitled to deduct his "home leave" expenses since the amounts *73 were not spent in pursuit of his trade or business but rather were of a personal nature. In the instant case, however, even if we accepted the holding of the Courts of Appeals in the Hitchcock and Stratton cases, we would hold that petitioner is not entitled to the claimed deduction because of his failure to meet the requirements of section 274(d). Section 274(d) provides that no deduction shall be allowed for travel expenses otherwise deductible under section 162 unless the taxpayer establishes by adequate records or by sufficient evidence corroborating his own statement, the amount, time, place, and business purpose of the expense. To meet this requirement a taxpayer must maintain "an account book, diary, statement of expense or similar record * * * and documentary evidence" of his travel expenses. See section 1.274-5(c)(2) of the Income Tax Regulations and Woodward v. Commissioner,50 T.C. 982, 993-994 (1968). In the present case, the parties stipulated that petitioner did not have any books, records, receipts, or canceled checks to substantiate his claimed expenditures. As petitioner bears the burden of proof, we uphold respondent's disallowance of *74 his claimed travel expense deductions. See Welch v. Helvering,290 U.S. 111 (1933); Rule 142(a), Tax Court Rules of Practice and Procedure.
Respondent argues that an additional reason for disallowing petitioner's claimed deduction is that the travel expenses were not incurred "away from home" as required by section 162 because petitioner did not maintain a principal place of residence either in Latin America or in the United States for the duration of his home leave. In support of this argument, respondent urges us to follow the holding of the Court of Claims in Bell v. United States,591 F.2d 647 (Ct. Cl. 1979). In Bell, the Court, under factual circumstances similar to those in the instant case, held that the deduction claimed by the taxpayer for "home leave" expenses was not allowable since the taxpayer was not "away from home" when he incurred the expenses for which the deduction was claimed. The Court pointed out that the taxpayer in the Bell case did not maintain a residence or incur duplicitous living expenses in a foreign country nor did he have a place of residence in the United States during the period of home leave. As we *75 have held that petitioner did not substantiate his claimed expense deductions as required by section 274(d), we do not reach the issue of whether he was in fact "away from home" within the meaning of section 162(a)(2). The second issue presented is whether petitioner is entitled to a deduction for moving expenses in excess of the amount of reimbursement he received for such expenses. In his return petitioner claimed travel, meals, and lodging expenses in the amount of $3,930.10. He explained on the return that these expenses were incurred in "97 days in transit from Rio de Janeiro, Brazil to Santiago, Chile via New York, St. Louis and Washington." Petitioner's total claimed moving expenses were $3,995.87. He was reimbursed for moving expenses by his employer in the amount of $2,426 so that his claimed deduction for moving expenses which was disallowed by respondent was $1,569.87. Section 217 provides that, subject to certain limitations, moving expenses are deductible. However, section 217(b) provides that the term "moving expenses" includes only the reasonable expenses of, among other things, traveling, meals, and lodging from the former residence to the new place of residence. *76 [2]Section 1.217-2(b)(2)(i), Income Tax Regs., explains that-- expenses paid or incurred for movement of household goods and personal effects or for travel (including meals and lodging) are reasonable only to the extent that they are paid or incurred for such *77 movement or travel by the shortest and most direct route available from the former residence to the new residence by the conventional mode or modes of transportation actually used and in the shortest period of time commonly required to travel the distance involved by such mode. Thus, if moving or travel arrangements are made to provide a circuitous route for scenic, stopover, or other similar reasons, additional expenses resulting therefrom are not deductible since they are not reasonable nor related to the commencement of work at the new principal place of work.* * * Petitioner explained on his return that the travel, meals, and lodging expenses were not solely incurred in direct transit from his old residence in Rio de Janeiro, Brazil, to his new residence in Santiago, Chile. Therefore, it is clear that the total expenditures claimed on his return were not reasonable. The burden is on petitioner to prove what portion of the expenses, if any, over and above the amount reimbursed to him by his employer was actually incurred in travel between his old and new residence. As he has failed to do so, we sustain respondent's disallowance of petitioner's claimed deduction for moving expenses. *78 Finally, we must determine whether the addition to tax under section 6651 should be imposed. Section 6651(a)(1) provides that the addition to tax shall be imposed in the case of a failure to timely file any return "unless it is shown that such failure is due to reasonable cause and not due to willful neglect * * *." [3] Whether a failure to timely file a return is due to reasonable cause is essentially a question of fact and the burden of proof is upon the petitioner. Shomaker v. Commissioner,38 T.C. 192, 202 (1962). Petitioner did not file his 1970 income tax return until April 18, 1974. Petitioner explained that the reason he did not file his return until 1974 was that he was overwhelmed by his work and that, in any event, he expected an income tax refund for the year 1970. In our view these two reasons do not constitute reasonable cause for failure to timely file and we therefore uphold respondent's imposition of the addition to tax. See Picard v. Commissioner,28 T.C. 955, 960-961 (1957). *79 Decision will be entered for the respondent.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as amended and in effect in the year in issue, unless otherwise stated.↩
2. Sec. 217 provides in part as follows: SEC. 217. MOVING EXPENSES. (a) Deduction Allowed.--There shall be allowed as a deduction moving expenses paid or incurred during the taxable year in connection with the commencement of work by the taxpayer as an employee or as a self-employed individual at a new principal place of work. (b) Definition of Moving Expenses.-- (1) In general.--For purposes of this section, the term "moving expenses" means only the reasonable expenses-- (A) of moving household goods and personal effects from the former residence to the new residence, (B) of traveling (including meals and lodging) from the former residence to the new place of residence, (C) of traveling (including meals and lodging), after obtaining employment, from the former residence to the general location of the new principal place of work and return, for the principal purpose of searching for a new residence * * *.↩
3. Sec. 6651(a)(1) provides as follows: SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax.--In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), subchapter A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 52 (relating to tabacco, cigars, cigarettes, and cigarette papers and tubes), or of subchapter A of chapter 53 (relating to machine guns and certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;↩