**Roger C. BREWIN and Mary T. Brewin, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**Kurt H. and Jolanda M. TEIL, Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**Nos. 79–2433, 79–2510.**

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 10, 1980.

Decided Jan. 21, 1981.

Murray J. Belman, Washington, D. C., for appellants.

R. Bruce Johnson, Atty., Dept. of Justice, Washington, D. C., with whom M. Carr Ferguson, Asst. Atty. Gen. and Richard Farber, Atty., Dept. of Justice, Washington, D. C., were on the brief, for appellee; Michael L. Paup, Atty., Dept. of Justice, Washington, D. C., also entered an appearance for appellee.

Before ROBINSON and MacKINNON, Circuit Judges and JUNE L. GREEN,*

19. See *id.* at 245–247, 511 F.2d at 811–813.

20. See 41 Fed.Reg. 19303 (1976).

* Sitting by designation pursuant to 28 U.S.C. § 292 (a).

United States District Judge for the District of Columbia.

Opinion for the court filed by District Judge JUNE L. GREEN.

JUNE L. GREEN, District Judge:

This is an appeal from the determinations by the Tax Court upholding the Commissioner's assessment of income tax deficiencies against taxpayers, Kurt Teil and Roger Brewin, for the years 1972 and 1971, respectively. *Teil v. Commissioner*, 72 T.C. 841 (1979), (hereinafter *Teil*); *Brewin v. Commissioner*, 72 T.C. No. 87 (September 12, 1979) (hereinafter *Brewin*). Appellants assert that as foreign service officers, they may deduct the food, lodging and transportation expenses which they made during their compulsory home leave.

The Tax Court held that the appellants' expenses were so "inherently personal" in nature that they were not deductible according to Section 162 Internal Revenue Code of 1954. *Teil* at 847, *Brewin* at 14. Under Section 162, travel expenses are deductible if they are (1) ordinary and necessary, (2) incurred away from home, and (3) incurred in pursuit of a trade or business. The Tax Court in both cases found that appellants' home leave travel expenses met the first two requirements, but not the third. *Teil* at 11, *Brewin* at 7. We reverse.

Kurt Teil was a foreign service officer with the Agency for International Development assigned to official duty in Ankara, Turkey in 1972. He was ordered to the United States to take statutory home leave and came with his family. During his home leave, he travelled for 24 days with his family from Washington, D.C., through parts of Pennsylvania, to Boston, to Maine, and then back to Pennsylvania. In connection with his travel, he incurred the following expenses:

| | |
|---|---|
| Car rental—30 days | $267.00 |
| Hotel—24 days at $12.00 per day | 288.00 |
| Food—24 days at $10.00 per day | 240.00 |
| TOTAL | $795.00 |

Roger Brewin was a foreign service officer assigned to Paraguay during 1971. He and his family were in the United States for six weeks on mandatory home leave. They spent their home leave in Arizona, visiting relatives and sightseeing. They also visited the Grand Canyon and took a week-long rafting trip down the Colorado River. Mr. Brewin had two press interviews while on home leave. During his travel, Mr. Brewin incurred expenses of $630.00 for room and food and $600.00 for transportation. The transportation expense represented a loss on the sale of a motor vehicle that Brewin had purchased during the home leave.

The Tax Court disallowed these deductions of $795.00 [1] and $1,230.00, respectively, on the ground that they were not incurred pursuant to appellants' trade or business, but rather were incurred in connection with travel that was personal in its entire orientation. The sole question presented for review is whether the Tax Court erred in this holding. We find that it did err.

Home leave for foreign service officers is mandatory and reflects the Congressional policy and statutory obligation that foreign service officers should return to the United States periodically to reacclimate themselves with the way of American life. This reacclimation is part of the "business" of a foreign service officer in representing the United States abroad.

The Foreign Service Act requires that foreign service officers take home leave every 18 months to 3 years. Section 933(a) Foreign Service Act of 1946, as amended; 22 U.S.C. § 1148(a). Emphasizing the need to re-Americanize officers, the Foreign Service Act states:

The Congress declares that the objectives of this chapter are to develop and

---

1. In *Teil*, the Tax Court also disallowed a deduction for an educational expenditure. This ruling was not appealed.

strengthen the Foreign Service of the United States so as—

\* \* \* \* \* \*

(2) to insure that the officers and employees of the Foreign Service are *broadly representative of the American people* and are aware of and *fully informed in respect to current trends in American life;* (Accent added.)

Section 111(2) of the Foreign Service Act of 1946, ch. 957, Title I, § 111(2), 60 Stat. 999, 22 U.S.C. § 801(2).

Further, the House Foreign Affairs Committee declared in 1946 in considering this legislation:

There is perhaps no phase of Foreign Service administration about which there is more general agreement than that connected with the problem of insuring that Foreign Service personnel should come to the United States as often as possible to renew their knowledge of developments in the United States and their feeling for the American way of life. The new bill, as noted above, provides compulsory home leave after 2 years service abroad as against the present 3 years .... [H.R. Rep.No.2508, 79th Cong., 2d Sess. 10 (1946).]

And:

[O]ne of the prime objectives of the act ... is to insure that officers and employees of the Service shall return more often to the United States to renew touch with the American way of life and so become better representatives of this country abroad. [Ibid p. 139.]

There exists a strong nexus between the appellants' travels on compulsory home leave and the "business" of a foreign service officer. Travelling facilitates the obligatory re-Americanization of foreign service officers. It allows them to visit many different places and people and to observe a variety of lifestyles in a short period of time. While it is often like a vacation, it nevertheless helps fulfill the appellants' statutory duty. In our view the necessary expenses required by the officer being or-dered to sleep, eat and travel away from his established residence cannot be considered to be *personal* when his personal desires are completely overborne by government orders with which he must comply at the risk of being discharged.

This view is supported by *Hitchcock v. Commissioner of Internal Revenue,* 578 F.2d 972 (4th Cir. 1978) in which the Court states:

The travels of the present taxpayer provided him opportunity to sense the trend of life throughout a large segment of the nation. The circumstance that it may have been pleasant or, indeed, have the flavor of a vacation does not negate its nature as an obligation. Surely, the Congress was aware of this pleasurable potential, but nevertheless *required* it of Foreign Service Officers. Discharge might well have followed a failure to comply with the practice. In obeying, the taxpayer *was* pursuing his *professional* employment. *Id.* at 974–75

*See also, Stratton v. Commissioner of Internal Revenue,* 448 F.2d 1030, 1033 (9th Cir. 1971).

We conclude that the home leave travel expenses of Messrs. Teil and Brewin relate primarily to their trade or business as foreign service officers. Accordingly, they are deductible under Section 162(a) Internal Revenue Code of 1954 as expenses incurred "in pursuit of a trade or business." The judgment on appeal is reversed and the case is remanded to the Tax Court for entry of an order in accordance with this opinion.