LEROY D. and MILDRED F. ATES, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
ATES v. COMMISSIONER
Docket No. 28440-82.
United States Tax Court
T.C. Memo 1985-469; 1985 Tax Ct. Memo LEXIS 162; 50 T.C.M. (CCH) 1003; T.C.M. (RIA) 85469; September 9, 1985. *162 Held: (1) Ps are not entitled to deduct amounts purportedly loaned to their children. (2) The statute of limitations does not bar the assessment and collection of the deficiency. *163 Leroy D. Ates, pro se. Linda L. Wong, for the respondent. SIMPSON
MEMORANDUM FINDINGS OF FACT AND OPINION SIMPSON, Judge: The Commissioner determined a deficiency in the petitioners' Federal income tax of $3,571.65 for 1979. The issues for decision are: (1) Whether the petitioners may claim a miscellaneous deduction for amounts that they purportedly loaned to their children; and (2) whether the assessment and collection of the deficiency in income tax is barred by the statute of limitations. FINDINGS OF FACT None of the facts have been stipulated. The petitioners, Leroy D. and Mildred F. Ates, husband and wife, were legal residents of Abilene, Tex., at the time they filed their petition in this case.They filed their joint Federal income tax return for 1979 with the Internal Revenue Service, Austin, Tex.
The petitioners received interest income in 1979 of $311.00 which they did not report on their income tax return. In 1979, the petitioners paid expenses incurred by their children, Leroy D. Ates, Jr., and Debra F. Ates, in connection with the college education of the children. Such expenses totaled $3,655.34 for their daughter and $5,011.55 for *164 their son. On December 31, 1979, Mr. Ates had each child execute a non-interest-bearing note, payable to the petitioners on demand, in the exact amount of each child's 1979 college expenses. On their income tax return for 1979, the petitioners deducted miscellaneous itemized deductions of $3,655.00 for a "Daughter demand loan" and $5,012.00 for a "Son demand loan." The Commissioner mailed the notice of deficiency to the petitioners on September 8, 1982. In his notice of deficiency, he determined that the petitioners had failed to report interest income of $311 and that they were not entitled to deduct the amounts purportedly loaned to their children. Mr. Ates conceded at trial that the petitioners had failed to report the interest income. OPINION The first issue for decision is whether the petitioners are entitled to deduct the amounts that they purportedly loaned to their children in 1979. The petitioners bear the burden of proving their entitlement to the deductions that they claim. Rule 142(a), Tax Court Rules of Practice and Procedure[1]; Welch v. Helvering,290 U.S. 111 (1933). *165 Amounts advanced as loans are not deductible unless the debt becomes worthless within the year. Sec. 166(a), (d), Internal Revenue Code of 1954. [2] Thus, even if we assume that the notes executed by the petitioners' children represent bona fide debts (a point contested by the Commissioner), the petitioners are entitled to no deduction [3] in 1979 with respect to such loans unless they can prove that the loans became worthless in 1979. The petitioners have neither argued nor presented any evidence that such loans became worthless in 1979. [4] We also observe that as the demand notes were executed by the petitioners' children on December 31, 1979, it is unlikely that the loans became uncollectible before the end of the year. *166 The petitioners contend, in the alternative, that they should be allowed to deduct the costs associated with their children's college education because they are allowed to deduct their real property taxes, which are used to fund public education. Deductions are a matter of legislative grace, and therefore, a taxpayer seeking a deduction must be able to point to a statutory provision authorizing such deduction and show that he comes within its terms. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). Section 262 provides that no deduction shall be allowed for personal, living, or family expenses except "as otherwise expressly provided in this chapter." The expenses incurred by the petitioners in providing a college education for their children are inherently personal and family expenses. See sec. 1.262-1(b)(9), Income Tax Regs.; Teil v. Commissioner,72 T.C. 841, 849 (1979); Kang v. Commissioner, an unreported case ( E.D.N.Y. 1983, 83-2 U.S.T.C. par. 9692, 52 A.F.T.R. 2d 83-6372). Although real property tax deductions are allowable under section 164, the petitioners can point to no statutory provision allowing them a *167 deduction for their children's educational expenses. Therefore, we conclude that the petitioners are entitled to no deduction in 1979 for the amounts they expended with respect to their children's educations, either as loans or otherwise. The second issue for decision is whether the statute of limitations bars the assessment of the deficiency. The petitioners did not plead the statute of limitations in their petition, raising the issue for the first time in their brief. Under Rule 39, any matter constituting an avoidance or affirmative defense, including the statute of limitations, must be set forth in the pleadings. The petitioners have therefore not properly raised the issue. Moreover, an examination of the record reveals that the notice of deficiency was mailed on September 8, 1982, well within the 3 years provided by the statute of limitations. Sec. 6501(a). Decision will be entered for the respondent.
Footnotes
1. Any reference to a Rule is to the Tax Court Rules of Practice and Procedure.↩
2. All statutory references are to the Internal Revenue Code of 1954 as in effect during the year in issue. ↩
3. We use the term "deduction" loosely: under sec. 166(d)(1)↩, a loss resulting from the worthlessness within the year of a nonbusiness debt is treated as a short-term capital loss. 4. From Mr. Ates' testimony, it appears that the petitioners deducted the amount of the purported loans after misinterpreting a syndicated newspaper columnist's discussion of so-called "Crown loans." Apparently, they thought that the income-shifting effect of such loans is achieved through a deduction of the amount loaned, rather than through a shifting of the income generated by the loaned property. See Dickman v. Commissioner,465 U.S. 330↩ (1984).