John H. WHITEHOUSE and Carol
A. Whitehouse, Petitioners,
Appellants,

v.

COMMISSIONER OF INTERNAL
REVENUE, Respondent,
Appellee.

No. 91–2282.

United States Court of Appeals,
First Circuit.

April 29, 1992.

Izen & Associates, P.C. and Joe Alfred Izen, Jr., for petitioners, appellants on Response to Motion to Transfer.

James A. Bruton, Acting Asst. Atty. Gen., Gary R. Allen, Gilbert S. Rothenberg and Doris D. Coles, Attorneys, Tax Div., Dept. of Justice, for respondent, appellee on Memorandum in Support of Motion to Transfer.

Before BREYER, Chief Judge, SELYA and CYR, Circuit Judges.

PER CURIAM.

This appeal springs from a decision of the Tax Court. The government, contending that venue properly lies in the Second Circuit, has moved to transfer.

Venue over appeals from decisions of the Tax Court is governed by 26 U.S.C. § 7482(b). In "the case of a petitioner ... other than a corporation," venue lies in the circuit in which the petitioner's "legal residence" is located. 26 U.S.C. § 7482(b)(1)(A). Thus, the essential question is: where do the Whitehouses "reside?"

According to the petition that the Whitehouses filed in the Tax Court, their legal residence is in West Suffield, Connecticut—which of course lies in the Second Circuit. That would end the matter, except that, in opposing the government's motion to transfer, the Whitehouses submitted an affidavit in which Mrs. Whitehouse swore that although she and her husband "did reside at an address in West Suffield, Connecticut, the boundary line between Connecticut and Massachusetts ran through our front yard." The Whitehouses argue that this means they "resided partly within the State of Connecticut and partly within the State of Massachusetts," and, we take it, that venue was therefore proper in the First Circuit as well as the Second Circuit.

We disagree. For purposes of determining venue under section 7482, the term "legal residence" means "domicile." *Brewin v. Commissioner of Internal Revenue*, 72 T.C. 1055 (1979), *rev'd on other grounds*, 639 F.2d 805 (D.C.Cir.1981). A person can have only one domicile at a

time. *General Electric Co. v. Cugini*, 640 F.Supp. 113, 115 (D.P.R.1986). *See also Shafer v. Children's Hospital Society*, 265 F.2d 107, 120–21 (D.C.Cir.1959); *Hardin v. McAvoy*, 216 F.2d 399, 403 (5th Cir.1954); *Syme v. Rowton*, 555 F.Supp. 33, 36 (D.Mont.1982). The Whitehouses' "legal residence" for venue purposes is either in Massachusetts or in Connecticut; it cannot be in both states.

Although the one-domicile rule ordinarily finds expression in cases where the person has two or more residences, it has also been applied to cases where the person has one residence that lies in two jurisdictions. For example, in *Blaine v. Murphy*, 265 F. 324, 325 (D.Mass.1920), the defendants in a diversity-jurisdiction case lived at the State Line Hotel, on the border of Massachusetts and New York. The court decided that for diversity purposes the defendants were domiciled in Massachusetts because "[t]he place where a person habitually eats, sleeps and makes his home is his domicile," and "the part of the hotel in which the defendants habitually eat and sleep is in Massachusetts." *Id. See also Teel v. Hamilton–Wenham Regional School District*, 13 Mass.App. 345, 433 N.E.2d 907 (1982) ("it may generally be said that one resides in the jurisdiction in which he sleeps"); *Abington v. North Bridgewater*, 23 Pick. (40 Mass.) 170 (1840) ("if a man has a dwellinghouse, situated partly within one jurisdiction and partly in another ... he shall be deemed an inhabitant within that jurisdiction, within the limits of which he usually sleeps"). *See generally* 28 C.J.S., *Domicile* § 14.

■ Applying this "follow the pillow" principle to the record here, we conclude that the Whitehouses are domiciled in Connecticut. Before we received Mrs. Whitehouse's affidavit, there was nothing in the record that would even remotely suggest that the Whitehouses made their home or any part of it in Massachusetts. Rather, the allegation in the Tax Court petition that the Whitehouses are "citizens" of Connecticut, and the fact that the house has a Connecticut address, create a strong infer-

ence to the contrary in the mind of the reader.

Mrs. Whitehouse's affidavit is ambiguous at best. It says that the Massachusetts–Connecticut border runs through the front yard. This pretty clearly tells us that the house is entirely in one state—but it does not tell us *which* state. We conclude, therefore, (1) that the affidavit is insufficient to negate the strong inference of Connecticut residence that the Whitehouses' own previous submissions have raised, (2) that the Whitehouses are domiciled and have "legal residence" in Connecticut, and (3) that the appropriate action is to transfer their appeal to the Second Circuit. *See* 28 U.S.C. § 1631 (authorizing federal courts to transfer actions and appeals to court in which action or appeal could have been brought); *Dornbusch v. Commissioner of Internal Revenue*, 860 F.2d 611 (5th Cir. 1988) (appeals court has both inherent and statutory authority to transfer Tax Court appeals to proper venue); *Clark & Reid Co. v. United States*, 804 F.2d 3, 7 (1st Cir.1986) (court of appeals has "inherent discretionary power" to transfer proceeding to another circuit).

*It is ordered that this appeal be transferred to the United States Court of Appeals for the Second Circuit.*