12 F.3d 214
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 PEAT OIL AND GAS ASSOCIATES, James Karr, Joseph Yadgoroff,
Robert Ferguson, Partners other than the Tax
Matters Partner, Petitioners,
(93-2119/2120/2121/2123),
Robert Ferguson; John Allen; Joseph Arle; Paul Benchwick;
 
 1
 Victor Blaha; Richard Doran; Lionel Gordon; Joseph
 
 
 2
 Halpin; Ben Johnson; Thomas Katopody; Carlton Marshall;
 
 
 3
 E. Barger Miller; Maurice Richards; John Rudy, II;
 
 
 4
 Richard Sandler; Donna Sandler; Ira Sontupe; Harold
 
 
 5
 Witham; Gail Witham; David Zuehlke, a five percent group,
 
 
 6
 Appellants, (93-2119/2120/2121/2123),
 
 
 7
 Syn-Fuel Associates, 1982, John McCurdy, a Partner other
 
 
 8
 than the Tax Matters Partner, (93-2122); Syn-Fuel
 
 
 9
 Associates, Keith Gaskell, a Partner other than the Tax
 
 
 10
 Matters Partner, (93-2125), Petitioners-Appellants,
 
 
 11
 v.
 
 
 12
 COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 
 
 13
 Nos. 93-2119 thru 93-2123 and 93-2125.
 
 
 14
 United States Court of Appeals, Sixth Circuit.
 
 
 15
 Nov. 16, 1993.
 
 
 16
 Before MILBURN and BATCHELDER, Circuit Judges; and JOINER, Senior District Judge.*
 
 ORDER
 
 17
 Appellants seek review of six decisions of the Tax Court deciding the petitions for a redetermination of tax liability filed by the three petitioner-partnerships. The Commissioner of Internal Revenue moves to dismiss these appeals for improper venue and to transfer the records on appeal to the United States Court of Appeals for the Second Circuit, where appeals from the same six Tax Court decisions are pending.
 
 
 18
 Pursuant to 26 U.S.C. Sec. 7482(b)(1)(E), the decisions of the Tax Court are to be reviewed by the court of appeals for the circuit in which the partnerships principal place of business is located. The Tax Court, as part of the decisions that are to be reviewed on appeal, found that the partnerships' principal place of business at the time of the filing of the petitions was in New York. Peat Oil and Gas Associates v. Commissioner, T.C.Memo. 1993-130, 65 T.C.M. (CCH) 2259 (March 31, 1993); see Peat Oil and Gas Associates v. Commissioner, 100 T.C. 17 (1993). Appellants contend that because the principal place of business of the partnership is an issue to be decided on the merits of these appeals, the Tax Court's ruling on this issue should not determine the proper venue for appeal. Although the court of appeals will review the Tax Court's ruling in considering the merits of these appeals, we conclude that the Tax Court's ruling is controlling for the purposes of determining the initial venue for these appeals.
 
 
 19
 When an appeal from the Tax Court is filed in the wrong court of appeals, the court may either transfer the case to the proper venue or dismiss. See Whitehouse v. Commissioner, 963 F.2d 1 (1st Cir.1992); Becker v. Commissioner, 852 F.2d 524 (11th Cir.1988) (per curiam); Dornbusch v. Commissioner, 860 F.2d 611 (5th Cir.1988); Alexander v. Commissioner, 825 F.2d 499 (D.C.Cir.1987) (per curiam). We have been advised that the appellants also filed notices of appeal of the Tax Court decisions in the United States Court of Appeals for the Second Circuit. Therefore, dismissal of these appeals is appropriate.
 
 
 20
 It is ORDERED that the motion to dismiss and to transfer records is granted. The Commissioner is directed to advise the clerk in writing within seven days of the entry of this order of the case numbers of the appeals pending in the United States Court of Appeals for the Second Circuit in order to facilitate the transfer of the records.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation