**UNITED STATES of America, Plaintiff,**

v.

**David Robert DENNIS, Defendant.**

**Cr. A. No. 81–80312.**

United States District Court,
E. D. Michigan, S. D.

Feb. 5, 1982.

---

John Nelson Thompson, Jr., Asst. U. S. Atty., Detroit, Mich., for plaintiff.

Gershwin A. Drain, Detroit, Mich., for defendant.

## MEMORANDUM OPINION AND ORDER

JOINER, District Judge.

This memorandum opinion is filed to explain the court's ruling made prior to the trial.

Defendant David Robert Dennis is charged in a multicount indictment with shooting a federal police officer. The government intends to use a prior conviction to impeach him at trial. The defendant has now moved the court to prevent use of the prior conviction to impeach him, on the ground that the prior conviction was based on a plea of *nolo contendere*. For the reasons that follow, the motion is denied.

The defendant pled *nolo contendere* to a charge of attempted criminal sexual conduct in the third degree—a felony—in 1979. He was duly convicted on that plea. It is defendant's contention that Fed.R.Evid. 410 and Fed.R.Crim.P. 11(e)(6) preclude use of a *nolo*-based conviction to impeach a defendant.

Except as otherwise provided in this rule, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:

\*      \*      \*      \*      \*      \*

(2) a plea of nolo contendere; ... Fed. R.Evid. 410

Except as otherwise provided in this paragraph, evidence of the following is not, in any civil or criminal proceeding, admissible against the defendant who made the plea or was a participant in the plea discussions:

\*      \*      \*      \*      \*      \*

(B) a plea of nolo contendere; ... Fed.R.Crim.P. 11(e)(6)

The Advisory Committee notes make clear that the principal purpose of Rule 410 is to promote disposition of criminal cases by compromise. The plea-bargaining system is founded on compromise, and compromise requires free communication. It also requires security for a defendant against having an offer to plead or a statement made in connection with the offer later used to his disadvantage.

However, Fed.R.Evid. 609(a) permits a witness to be impeached by evidence of prior *convictions.*

For the purpose of attacking the credibility of a witness, evidence that he has been convicted of a crime shall be admitted if elicited from him or established by public record during cross-examination but only if the crime (1) was punishable by death or imprisonment in excess of one year under the law under which he was convicted, and the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the defendant, or (2) involved dishonesty or false statement, regardless of the punishment.

Fed.R.Evid. 609(a)

The primary purpose of Rule 609 is to put all evidence relevant to the credibility of a witness before the fact finder. On its face,

Rule 609 makes no distinction between types of "witnesses" and no distinction between types of "convict[ions]". If the defendant testifies, he is a "witness" within the meaning of Rule 609. And, there is no dispute that the defendant was convicted in 1979 of a crime "punishable . . . by imprisonment in excess of one year."

The 1971 Draft version of proposed Rule 609 prohibited the admission of evidence of conviction of a crime on a plea of *nolo contendere.* According to the comments of the Advisory Committee, this was intended to make Rule 609(a) consistent with Rule 410. See 10 Moore's Federal Practice, ¶ 609.01[1.–4], [1.–5]. Significantly, however, the final version of Rule 609, as adopted by the Congress in 1975, omitted the exception for *nolo contendere* convictions. This is strong evidence that the rule was intended to apply to *all* felony convictions, no matter how they are obtained. See McCormick on Evidence, 1978 Pocket Part § 43 at 13, n. 68 (E. Cleary 2d. ed. 1972).

Furthermore, a rule admitting convictions based on *nolo* pleas for impeachment purposes appears to be sound. A conviction on a plea of *nolo contendere* "has as much or little relevancy as if it had been entered on a plea of guilty or after a plea of not guilty, a trial, and a conviction. Also it is just as binding upon the defendant as any other judgment of conviction." 10 Moore's Federal Practice, ¶ 609.12[2] n. 4. A judgment of guilty based on a plea of *nolo contendere* finds "every essential element of the offense [that is] well pleaded in the charge," *Lott v. U.S.,* 367 U.S. 421, 426, 81 S.Ct. 1563, 1566, 6 L.Ed.2d 940 (1961); *U. S. v. Williams,* 642 F.2d 136, 138 (5th Cir. 1981). There is no reason apparent why a conviction entered on that basis should differ at all from any other conviction for purposes of Rule 609.

The defendant downplays the difference between *pleas* of *nolo contendere* and *convictions* based on *nolo* pleas. Rule 410 and 609(a) are not inconsistent in their treatment of, respectively, *nolo contendere* pleas and convictions based on pleas of *nolo contendere.* There is a difference between a *nolo* plea and a judgment of conviction. See *U.S. v. Williams,* supra. This court is bound to enforce an applicable rule that is clear on its face. Therefore, the defendant cannot avoid the impact of Rule 609(a) just because his prior conviction was entered on a plea of *nolo contendere.*

Rule 609(a) also requires the court to determine whether the "probative value of admitting this evidence outweighs its prejudicial effect to the defendant." Such a determination is not necessary to the resolution of this motion, and the court withholds its ruling until the issue is properly before it.

For these reasons, the defendant's motion is denied.

So ordered.