PHILIP JAMES RUGARE AND BRIGITTE MARIA RUGARE PAUK, Petitioners, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Rugare v. Commissioner
Docket No. 18921-80.
United States Tax Court
T.C. Memo 1986-253; 1986 Tax Ct. Memo LEXIS 357; 51 T.C.M. (CCH) 1250; T.C.M. (RIA) 86253; June 19, 1986. *357 Petitioners were married and filed joint Federal income tax returns for the taxable years in issue. As a result of a police investigation conducted at petitioner-wife's place of employment, petitioner-wife was convicted of grand theft, on a plea of nolo contendere, and served time in a detention center. Held, petitioners have failed to carry their burden of proof with respect to the deficiency determined for failure to report income from embezzled funds, in accordance with sec. 61, I.R.C. 1954. Held further, petitioner-husband has failed to establish that he is entitled to relief from such liability as an innocent spouse, within the meaning of sec. 6013(e). Philip James Rugare and Brigitte Maria Rugare Pauk, pro se. Sharon C. Armuelles, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Chief Judge: Respondent determined by notice of deficiency dated July 25, 1980 deficiencies in the Federal income taxes of petitioners and additions to tax for the taxable years ended December 31, 1977 and December 31, 1978 as follows: Taxable
Additions to Tax
Year
Deficiency
Section 6653(a) [1] *358 1977
$1,015.00
$50.75
1978
15,150.19
757.51
After concessions, [2] the primary issue for decision is whether petitioners have failed to report income in accordance with section 61 in the 1978 taxable year based upon embezzled funds. Also at issue is whether one of the petitioners is relieved from liability as an "innocent spouse," within the meaning of section 6013(e). FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulated facts and exhibits attached thereto [3] *359 are incorporated herein by this reference. Petitioners Philip James Rugare (Philip) and Brigitte Maria Rugare Pauk (Brigitte) were husband and wife during the 1977 and 1978 taxable years and filed joint Federal income tax returns with the Internal Revenue Service Center in Atlanta, Georgia. Petitioners were divorced sometime after 1978. The parties have stipulated that at the time petitioners filed their petition in this case their residence was Lauderhill, Florida. [4] From sometime in December 1977 until June 18, 1978, Brigitte was employed as a hostess and cashier at "Ireland's Inn" restaurant (the Inn), located in Ft. Lauderdale, Florida. Her duties there included some responsibility for cash and credit card (charge) payments for services at the restaurant's bar *360 and dining rooms. At times, she also was responsible for completing the daily tally sheets, closing out the cash registers, and delivering the cash, bills, tally sheets, and register receipts to the restaurant office. The Inn utilized who cash register machines in its restaurant and bar service. First, orders for food and drinks were entered into a cash register known as a "pre-check machine." Upon payment, the order was entered into a regular cash register located on a different floor of the restaurant. Daily totals on each of the two machines should have been identical. Any amount entered incorrectly into a register could have been corrected by voiding out the erroneous entry. All voids were supposed to be authorized by the manager or chef on duty at the time. Totals recorded on the two machines would not balance if, for example, payments for orders previously entered into the pre-check machine were not entered into the regular cash register. However, if those same orders also were voided out of the pre-check machine then the totals for the two machines again would balance. In June 1978, a night auditor employed by the Inn noticed discrepancies between the totals recorded on *361 two cash register machines. The auditor reported this to the Inn's manager and accountant, who then discovered many unauthorized voids recorded on the pre-check register. A police investigation followed thereafter, based upon a sworn statement to an investigator with the Ft. Lauderdale police department by one of the Inn's waitresses. The waitress stated that she had observed Brigitte's failure to enter payments into the regular cash register, and also had noticed a large number of consecutive voids on the cash register receipt tapes. Based on information contained in the police report filed pursuant to this investigation, the Inn's manager prepared a chart that listed all of the voids recorded on the pre-check register from January 1, 1978 through June 19, 1978. The chart provided that the voids totaled $39,598.74 for the 119 days that Brigitte worked at the Inn, as compared with $2,900.07 for the 49 days that she did not work during this same time period. The Inn's accountant also prepared a list of all void transactions recorded on the pre-check register for the same time period based on the police report. As a result of the police investigation, Brigitte was charged with grand *362 theft under Florida Statute sec. 812.014. On April 17, 1979, she entered a plea of nolo contendere to the charge and was sentenced to 1 year in jail and 4 years probation. She served 5-1/2 months of this sentence at the Broward County Women's Detention Center in Broward County, Florida. In the statutory notice of deficiency, respondent determined deficiencies in petitioners' Federal income taxes and additions to tax for the 1977 and 1978 taxable years. The primary issue remaining for decision is whether petitioners have failed to report income in 1978 based upon funds embezzled by Brigitte from her employer. Also at issue is whether Philip may be relieved from any liability here as an innocent spouse. OPINION The primary issue for decision is whether respondent has correctly determined that petitioners have failed to report income in 1978 from embezzled funds. It is well established that gains from illegal sources constitute gross income under section 61, [5]sec. 1.61-14(a), Income Tax Regs., and that embezzled funds are includable in income to the embezzler in the year in which they are misappropriated. James v. United States,366 U.S. 213, 219-220 (1961). Respondent argues that *363 petitioners have failed to report $32,515.96 in income that was stolen by Brigitte from her employer, Ireland's Inn restaurant. Petitioners argue that Brigitte never stole any money from her employer, and that they have not failed to report any income for 1978. Petitioners bear the burden of proving that respondent's determination of the amount of the deficiency is erroneous. Rule 142(a); Welch v. Helvering,290 U.S. 111, 115 (1933). As a result of the police investigation conducted with respect to unauthorized cash register procedures at the Inn, Brigitte was convicted of grand theft based upon a plea of nolo contendere and served time in a detention center. This Court follows the rules of evidence applicable in nonjury trials in the United States District Court for the District of Columbia, (sec. 7453; Rule 143(a)), which provide that a conviction of nolo contendere may be used to impeach the credibility of a witness.Rule 609(a), Fed. R. Evid.; Masters v. Commissioner,243 F.2d 335, 338 (3d Cir. 1957), affg. *364 25 T.C. 1093 (1956); Kilpatrick v. Commissioner,227 F.2d 240, 243 (5th Cir. 1955), affg. 22 T.C. 446 (1954); Hicks Co. v. Commissioner,56 T.C. 982, 1027 (1971), affd. 470 F.2d 87 (1st Cir. 1972). [6]
At trial Brigitte testified that there were a total of approximately 11 waiters and waitresses, 4 busboys, and 3 cocktail waitresses, all of whom had access to the cash register in the kitchen. Philip also testified that other employees besides Brigitte had access to the cash, charges, and daily tally sheets. The parties agree that Brigitte was only "sometimes" responsible for the cash and charge payments, daily tally sheets, closing out the cash registers, and delivering the cash and other receipts to the restaurant office. However, petitioners have failed to offer any explanation as to why the voids recorded on the cash registers for those days that Brigitte worked were so far in excess of the voids recorded on those days that she did not work, as set forth in the charts prepared by the restaurant's manager and accountant. Brigitte merely stated that she was not the only employee responsible for the cash registers *365 and that she worked primarily in the upstairs dining room rather than in the kitchen where the cash register was located. At trial Brigitte stated that she did not offer this explanation to the police during their investigation because she "didn't have a chance." She also stated that she did not give this explanation to the Internal Revenue agent who spoke with her while she was serving her prison sentence for this offense, simply because "he didn't ask" her. We conclude that petitioners' testimony is not credible as it consists entirely of unsupported and self-serving statements. Petitioners also argue that the exact amount of any monies misappropriated from the Inn has never been determined. However, petitioners have failed to present any evidence whatsoever to cause us to reduce the amount of the determined deficiency. See Fox v. Commissioner,61 T.C. 704, 711-712 (1974). Accordingly, we find that petitioners simply have failed to carry their burden of proof with respect to this issue. We next must address whether Philip may be relieved from liability as an innocent spouse. As a general rule, where a husband and wife file a joint tax return, liability with respect to the tax *366 shall be joint and several. Sec. 6013(d)(3). However, section 6013(e) [7] provides that a spouse may be relieved of such joint liability, where, on a joint return, there is a "substantial understatement" of tax attributable to "grossly erroneous items" of one spouse, and the other spouse establishes that in signing the return he or she did not know or have reason to know of such understatement, and that it would be inequitable to hold that other spouse liable for the deficiency attributable thereto. [8] *367 Philip bears the burden of proving that all of these elements are met. Lessinger v. Commissioner,85 T.C. 824, 838 (1985). Philip has not presented any argument with respect to relief as an innocent spouse, other than to raise the issue in the original petition. Additionally, we note that at trial Philip testified at some length with respect to the determined deficiency. He stated that he and Brigitte had discussed the circumstances surrounding her employment at, and firing from, the Inn, and that Brigitte "went into detail" with respect to these events. Based upon the degree of Philip's self-professed familiarity with the events *368 surrounding the unreported income, we would be hard pressed to find either that Philip did not know, or had no reason to know, of the understatement in petitioners' tax liability or, that it would be inequitable to hold him jointly liable therefor. Accordingly, we conclude that Philip has failed to satisfy the requirements of section 6013(e), and is not entitled to relief as an innocent spouse. Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.
2. Petitioners do not contest the deficiencies determined by respondent based upon unreported tip income and additions to tax for negligence under section 6653(a) for the 1977 and 1978 taxable years.↩
3. We note that, although the transcript indicates that the parties submitted their stipulation of facts with only joint exhibits A-1 through D-4 attached and at trial petitioners' exhibit "5" was identified but not received in evidence, the joint exhibits number A-1 through E-5, and the stipulation of facts refers specifically to "Joint Exhibit E-5" attached thereto.
4. Although the amended petition also listed both petitioners' residences as Lauderhill, Florida, petitioners stated in their original petition that Philip resided in Florida but Brigitte resided in Kansas. However, we do not undertake to resolve the issue of petitioners' proper venue for appeal. See Brewin v. Commissioner,72 T.C. 1055, 1058-1060 (1979), revd. on another issue 639 F.2d 805↩ (D.C. Cir. 1981).
5. SEC. 61. GROSS INCOME DEFINED. (a) General Definition.--Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, * * *.↩
6. See also United States v. Dennis,532 F.Supp. 625↩ (E.D. Mich. 1982).
7. Section 6013(e), as amended by the Deficit Reduction Act of 1984, Pub. L. 98-369, sec. 424(a), 98 Stat. 494, 801-802 (1984-3 C.B. (Vol. 1) 309-310), has retroactive application to all taxable years to which the Internal Revenue Codes of 1939 and 1954 apply. See H. Rept. 98-432, Pt. 2 1501, 1503 (Mar. 5, 1984). ↩
8. Section 6013 provides in relevant part as follows: (e) Spouse Relieved of Liability in Certain Cases.-- (1) In general.--Under regulations prescribed by the Secretary, if-- (A) a joint return has been made under this section for a taxable year, (B) on such return there is a substantial understatement of tax attributable to grossly erroneous items of one spouse, (C) the other spouse establishes that in signing the return he or she did not know, and had no reason to know, that there was such substantial understatement, and (D) taking into account all the facts and circumstances, it is inequitable to hold the other spouse liable for the deficiency in tax for such taxable year attributable to such substantial understatement, then the other spouse shall be relieved of liability for tax (including interest, penalties, and other amounts) for such taxable year to the extent such liability is attributable to such substantial understatement.↩